

In his argument to the jury trying the case, one of the Attorneys assisting in the prosecution of the case used this language, to-wit: "Mr. Pate is commonly known as Pistol Pate." The defendant (appellant) promptly objected to the said argument, but his objection was overruled.

In this ruling there was error prejudicial to appellant. There was no scintilla of evidence in the case supporting the said statement. And it was, in our opinion, in the teeth of the rule governing such matters laid down in Cross v. State, 68 Ala. 476. The degree of its harm could only be known to those familiar with the seductive persuasiveness of the counsel making the entirely unauthorized statement.

In the main, the case was ably tried. Freed from the errors we have pointed out, we are persuaded that its retrial should occasion no perplexity.

But for those errors the judgment is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Pate v. State, 244 Ala. 396, 14 So.2d 251.

Gerald & Gerald, of Clanton, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. H. Brassell, Asst. Atty. Gen., for the State.

15 So.2d 340

**BARNETT v. STATE.**

**5 Div. 164.**

Court of Appeals of Alabama.

May 18, 1943.

Rehearing Denied June 22, 1943.

BRICKEN, Presiding Judge.

Upon the trial of this case the jury returned a general verdict of guilty as charged in the indictment. The indictment contained four counts: (1) Unlawful possession of a still to be used for the purpose of manufacturing or distilling prohibited liquors, etc. (2) Distilling, making or manufacturing spirituous, alcoholic or malt liquors, etc. (3) Same as count 1. (4) Same as count 3.

The defendant was unattended with counsel at the main trial below, hence no exceptions were reserved. After conviction, however, and within the time provided by law, counsel for defendant made a motion for a new trial based upon several grounds, all of the same import, and to the effect that evidence adduced upon the trial was insufficient to sustain the judgment of conviction duly pronounced and entered. Therefore the only question here presented is one of fact. As to this we are unable to accord to the earnest insistence of counsel.

The evidence without dispute fully established the corpus delicti for it was disclosed thereby that the three officers who testified for the State located the still in question. It was at that time in full operation and whiskey was being made and running from the still, and four gallons in a tub already made. This appellant was present at the still, and the tendency of the State's evidence was to the effect he was working at and around the still; punched up the fire in the furnace; poured water in the flake stand and ran trying to escape when the officers' presence nearby was discovered. He was captured, however, and thereupon arrested. One other person was with defendant at the still. The defendant's witness, one Grady Headley, testified that this appellant was in no manner interested in the still, nor was he working around and about it as testified to by the State's witnesses. In order to sustain the insistence of the defendant by putting the trial court to error for having overruled and denied the motion for a new trial, it would require of this court to substitute itself for the trial judge and jury who tried this case. This, of course, we cannot do. The evidence was in conflict, as stated. In our opinion it was sufficient to be submitted to the jury for determination and the action of the court in so doing, and in overruling and denying the motion for a new trial, was without error.

Affirmed.

14 So.2d 258

### THAMES v. STATE.

### 3 Div. 854.

Court of Appeals of Alabama.

June 22, 1943.

Horne & Hodnett, of Atmore, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of assault with intent to murder, and his punishment fixed at imprisonment in the penitentiary for the term of fifteen years. Code 1940, Tit. 14, § 38.

The appeal is on the record proper, without bill of exceptions. The record seems regular, in all respects.

Nothing is apparent demanding discussion, and the judgment is affirmed.

Affirmed.

16 So.2d 697

### REEVES v. STATE.

### 4 Div. 802.

Court of Appeals of Alabama.

June 22, 1943.

Rehearing Denied June 30, 1943.

